IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHNNY GARRETT,
#N-20411,

  Petitioner,

              Case No. 17–cv–00100–DRH

vs.

WARDEN OR SHERIFF OF
ILLINOIS,

  Respondent.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On February 1, 2017, Petitioner Johnny Garrett, an inmate who is currently incarcerated at Pinckneyville Correctional Center, filed what appears to be a combined Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 and Civil Rights Complaint under 42 U.S.C. § 1983. (Doc. 1). He filed portions of a standard federal habeas petition and a civil rights complaint form together as a single action. *Id*. For the reasons set forth herein, the entire action shall be **DISMISSED** and this case **CLOSED**.

### I. Discussion

On the habeas form, Garrett indicates that he was convicted of aggravated arson in 2007 in Cook County, Illinois. (Doc. 1, pp. 1-2). He was sentenced by the Cook County Circuit Court to a term of 25 years of imprisonment. *Id*. Garrett does not actually indicate that he is challenging his conviction or sentence. *Id*. He also sets forth no grounds in support of this relief. *Id*.

On the civil rights complaint form, Garrett includes no coherent allegations. (Doc. 1, pp. 3-13). He includes a long list of numbers, which appear to be dollar amounts, and then requests damages in the amount of $60,000,000.00 against the "Warden or Sheriff of Illinois." (Doc. 1, pp. 3-6). He also includes pages from an interior design magazine depicting luxurious homes. (Doc. 1, pp. 7-8). Finally, he includes a copy of an Order entered by Honorable Joe Billy McDade on January 19, 2017, warning Garrett that he will be subject to a monetary fine and filing restriction for all further frivolous filings in the United States District Court for the Central District of Illinois. (Doc. 1, p. 11). Noticeably absent from the civil rights complaint form are factual allegations that describe any constitutional violations by state officials. (Doc. 1, pp. 3-13).

On February 9, 2017, Garrett filed a pleading entitled, "Motion to Dismiss Indictment and Writ of Habeas Corpus." (Doc. 3). In the motion, Garrett does not actually seek a decision vacating his conviction and sentence. *Id*. He also does not seek voluntary dismissal of the instant habeas action. *Id*. Instead, he again requests $60,000,000.00 in monetary relief against the "Warden or Sheriff of Illinois" for what the warden "did or did not do" both in "the past and future." *Id*.

At the outset, this Court must independently evaluate the substance of Garrett's claims to determine if the correct statute - in this case 28 U.S.C. § 2254 - is being invoked. *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002) (court must evaluate independently the substance of the claim being brought, to

see if correct statute is being invoked). A petition for a writ of habeas corpus is the proper route "[i]f the prisoner is seeking what can fairly be described as a quantum change in the level of custody-whether outright freedom, or freedom subject to the limited reporting and financial constraints of bond or parole or probation." *Graham v. Broglin*, 922 F.2d 379, 381 (7th Cir. 1991). A civil rights complaint brought pursuant to 42 U.S.C. § 1983 is proper if the prisoner "is challenging the conditions rather than the fact of confinement." *Graham*, 922 F.2d at 381; *see also Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999).

Garrett invoked both § 2254 and § 1983. (Doc. 1). However, he cannot proceed under both statutes in the same action. For that matter, he cannot proceed under *either* statute in this action.

This case was opened as a federal habeas action. However, Garrett cannot proceed with a challenge to his Cook County conviction in this District. Cook County is situated in the federal judicial district for the Northern District of Illinois. If he intends to challenge his conviction or sentence, Garrett must do so by filing a federal habeas petition in the United States District Court for the Northern District of Illinois. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 493-94 (1973) (§ 2254 petition attacking state court conviction should generally be brought in the district where the petitioner was convicted).

The Court declines to transfer this case to the Northern District because Plaintiff's combined habeas petition and civil rights complaint form include no

request to vacate the conviction or sentence. He instead seeks monetary relief. This remedy is not available under federal habeas law. Given this fact, the habeas action will be dismissed and the case closed. However, the dismissal will be without prejudice to any separate habeas petition Garrett chooses to file in the Northern District.

The Court shall also dismiss all claims brought pursuant to § 1983. Plaintiff cannot pursue these claims in a federal habeas action. In the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, but the Court will not do so here. *Graham*, 922 F.2d at 381-82 (collecting cases). The Seventh Circuit Court of Appeals has held that district courts should not engage in this practice. *Bunn v. Conley*, 309 F.3d 1002, 1007 (7th Cir. 2002); *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997). Garrett would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). *See generally* 28 U.S.C. § 1915. Specifically, he would be responsible for paying a much higher filing fee of $400.00.[1] Furthermore, he could be assessed another "strike" if the Court determined that the action was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). In light of this, the Court will not re-characterize the instant habeas petition as a complaint filed pursuant to § 1983. If Garrett would like to pursue a non-frivolous claim for monetary

---

[1] Effective May 1, 2013, the filing fee for a civil case increased from $350.00 to $400.00, by the addition of a new $50.00 administrative fee for filing a civil action, suit, or proceeding in a district court. See Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14. A litigant who is granted IFP status, however, is exempt from paying the new $50.00 fee.

damages against state officials whose misconduct violated his constitutional rights, he may separately file a § 1983 complaint in the federal judicial district where the misconduct occurred. The Clerk will be directed to provide him with this Court's standard civil rights complaint form.

## II. Warning

In light of Plaintiff's litigation history and present incoherent filings, this Court deems it appropriate to echo Judge McDade's warning against further frivolous litigation in this District. On January 19, 2017, Judge McDade included the following warning against further frivolous filings in the Central District in an Order denying Garrett (*i.e.*, a "3-striker") leave to proceed *in forma pauperis* and also dismissing his pending § 1983 case:

> . . . [T]he Court deems it necessary to order that **any further frivolous pleadings filed in this Court by Mr. Garrett may be subject to the type of sanction imposed by the Seventh Circuit Court of Appeals in** *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997), where the Court warned that if the petitioner filed any further habeas petitions he would be fined $500, face a *Mack* order requiring that his fine be paid before any other civil litigation be allowed to be filed, and any habeas action will be summarily dismissed thirty days after filing unless otherwise ordered by the Court. To be clear, **this warning applies to any and all frivolous pleadings filed by Mr. Garrett in this court, not merely habeas petitions**.

*Garrett v. United States*, No. 16-cv-1498 (C.D. Ill. 2016) (Doc. 4) (emphasis in original). Consistent with Federal Rule of Civil Procedure 11(b) and *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (holding that courts have inherent powers to protect themselves from vexatious litigation), this Court incorporates this warning by

reference herein.

Garrett is hereby **WARNED** that should he continue to file frivolous papers or actions in this District, he may be fined $500.00 and restricted from filing any papers in furtherance of civil litigation in this District, other than a habeas action, until he tenders payment of the full amount of the fine.  *See Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000).  Any new habeas action may also be deemed dismissed 30 days after filing unless otherwise ordered by this Court.  **This WARNING applies to any and all frivolous pleadings filed by Garrett in this Court, not merely habeas petitions.**

### III.    Disposition

**IT IS HEREBY ORDERED** that the Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 (Doc. 1) is **DISMISSED without prejudice** to any other federal habeas petition or civil rights action that Garrett chooses to file.

**IT IS FURHTER ORDERED** that the Motion to Dismiss Indictment and Petition for Writ of Habeas Corpus (Doc. 3) is **DENIED** as **MOOT**.

The Clerk is **DIRECTED** to provide Garrett with a copy of this Court's standard Civil Rights Complaint form for use in preparing and filing an action pursuant to 42 U.S.C. § 1983.

Garrett stands **WARNED** that this Court will not tolerate his vexatious litigation. He will be subject to sanctions, including fines and/or a filing ban, if he undertakes further efforts to file frivolous and harassing lawsuits in this District. *See Garrett v. United States*, No. 16-cv-1498 (C.D. Ill. 2016) (Doc. 4). *See also Alexander v. United States,* 121 F.3d 312 (7th Cir. 1997); *Support Systems International, Inc. v. Mack,* 45 F.3d 185 (7th Cir. 1995).

**IT IS FURTHER ORDERED** that Garrett remains obligated to pay the $5.00 filing fee for this habeas action. The obligation to pay the fee was incurred at the time he filed this case.

The Clerk's Office is **DIRECTED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Signed this 10th day of February, 2017.

Digitally signed by
Judge David R. Herndon
Date: 2017.02.10
14:57:33 -06'00'

**United States District Court Judge**