IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**JOHNNY GARRETT,**
**#N-20411,**

   **Petitioner,**

vs.            Case No. 17–cv–00100–DRH

**WARDEN OR SHERIFF OF**
**ILLINOIS,**

   **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

  On March 22, 2017, Petitioner Johnny Garrett (a/k/a Johnnie Garrett) was ordered to show cause why this Court should not find him in violation of Rule 11(b) of the Federal Rules of Civil Procedure and/or of the Seventh Circuit's warnings against filing further frivolous or foreclosed claims and papers after striking out. (Doc. 22) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995); *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997)). At the time, the Court had already warned Garrett twice that he would be fined $500.00 and subject to a filing restriction, if he undertook efforts to file further frivolous documents or actions in this District. (Docs. 4, 8). Garrett was also subject to a similar warning in the United States District Court for the Central District of Illinois. *Garrett v. United States*, No. 16-cv-1498 (C.D. Ill. 2016) (Doc. 4). Despite these warnings, Garrett filed a total of thirteen frivolous post-judgment motions in this case, triggering the Order to Show Cause. (Docs. 7-15, 17-22).

1

There, the Court specifically warned Garrett that failure to show cause would result in the imposition of sanctions that include a $500.00 fine and a restriction against filing any papers in furtherance of civil litigation in this District, other than a habeas action, until the fine is paid. (Docs. 4, 8, 22). The deadline for responding to the Order to Show Cause was April 5, 2017. (Doc. 22).

Since March 22, 2017, Garrett has filed thirty-eight additional motions, supplements, and exhibits in this case. (Docs. 23-60). None provide a response to the Order to Show Cause. Most are incoherent. All are frivolous. In them, Garrett provides no reason why this Court should revisit any aspect of its Order Dismissing Case. (Doc. 4). He also offers no reason why the Court should not impose sanctions against him. On the contrary, Garrett demonstrates that he is undeterred by the Court's prior warnings, having now filed forty-nine post-judgment motions, supplements, and exhibits that are frivolous and increasing in frequency. (Docs. 4, 8, 22). Under the circumstances, the Court deems it appropriate and necessary to impose sanctions against him, consistent with Rule 11(b) and *Alexander v. United States*, 121 F.3d 312, 315 (7th Cir. 1997) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32 (1991) (holding that courts have inherent powers to protect themselves from vexatious litigation)).

Accordingly, Garrett shall be fined $500.00, and the Clerk shall notify Pinckneyville Correctional Center of this fine. Until he pays that sum in full to the Clerk of this Court, any papers that Garrett tenders in civil litigation in this Court, other than a collateral attack or habeas action, shall be returned unfiled. All

papers filed in a collateral attack or habeas action will be received and reviewed by this Court, but shall be deemed denied after thirty days, absent a contrary order from this Court. Documents submitted in connection with an appeal are excluded from this Order. Should Garrett continue to file frivolous actions, the fine is subject to increase.

## Disposition

**IT IS HEREBY ORDERED** that all pending post-judgment motions and/or proposed orders (Docs. 23-27, 29-58, 60) and supplements or exhibits (Docs. 28, 59) are **DENIED**. They are not responsive to this Court's Order to Show Cause (Doc. 22). They are also unrelated to this case, frivolous, or both.

**IT IS ALSO ORDERED** that Petitioner Johnny Garrett (a/k/a Johnnie Garrett) is fined $500.00 for filing this frivolous case and continuing to file frivolous post-judgment pleadings and papers in increasing frequency after being warned by this Court not to do so. The **CLERK** is **DIRECTED** to notify Pinckneyville Correctional Center of Garrett's obligation to pay the Clerk of this Court the full amount of $500.00.

**IT IS FURTHER ORDERED** that until such time as Garrett has paid the $500.00 fine to the Clerk of this Court in full, the **CLERK** is **DIRECTED** to return unfiled any papers that Garrett tenders in civil litigation in this Court, other than a collateral attack or habeas action. All papers filed in a collateral attack or habeas action will be received and reviewed by this Court, but shall be deemed **DENIED** after thirty days, absent a contrary order of the Court. Should Garrett

continue to file frivolous actions, the fine is subject to increase.  **This filing restriction applies to any and all frivolous pleadings or papers filed by Garrett in this District, other than those specifically exempted herein.**

Exempt from this filing restriction are a notice of appeal in this case (which shall result in the imposition of a $505.00 filing fee) and any papers sought to be filed by petitioner in a civil or criminal case in which he is a party defendant.  *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)).  In accordance with this precedent, Garrett may apply for modification or rescission of this order not sooner than two years from the date of its entry, assuming that he fails to pay the balance of the $500.00 fine within the two years.  Any papers submitted to the Court by Garrett while this filing restriction is in place shall be accompanied by a copy of this order.

**IT IS SO ORDERED.**

Signed this 18th day of April, 2017.

Digitally signed by Judge David R. Herndon
Date: 2017.04.18 11:57:05 -05'00'

**United States District Judge**